UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK RABOCZKAY,

        Plaintiff,

vs.

Case No. 19-10255

HON. MARK A. GOLDSMITH

CITY OF TAYLOR, et al.,

        Defendants.

_____/

**ORDER
GRANTING IN PART DEFENDANT RICK SOLLARS' MOTION FOR PROTECTIVE ORDER (DKT. 82), GRANTING IN PART PLAINTIFF PATRICK RABOCZKAY'S MOTION TO COMPEL DEPOSITION (Dkt. 84), AND DENYING MOTION TO COMPEL CITY OF TAYLOR TO PRODUCE DOCUMENTS (DKT. 83)**

This matter is before the Court on Defendant Rick Sollars' motion for a protective order (Dkt. 82), Plaintiff Patrick Raboczkay's motion to compel Defendant Rick Sollars' deposition (Dkt. 84), Raboczkay's motion to compel non-party City of Taylor to produce subpoenaed documents (Dkt. 83). For the reasons stated below, the motions related to Sollars' deposition are granted in part, and Raboczkay's motion to compel the City of Taylor to produce documents is denied.

### I.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows for broad discovery in litigation, including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Although Rule 26 was amended in 2015 to emphasize the importance of the "proportionality" requirement, the "basic tenet that Rule 26 is to be liberally construed to permit broad discovery" remains unaltered. State Farm Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220, 222 (E.D. Mich. 2016); Martin v. Bimbo

Foods Bakeries Distribution, LLC, 313 F.R.D.1, 5 (E.D.N.C. 2016) ("The rules of discovery, including Rule 26, are to be given broad and liberal construction."). Relevance, in turn, "has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." Martin, 313 F.R.D. at 5; Tucker v. Momentive Performance Materials USA, Inc., 2016 WL 8252929, at *2 (S.D. W. Va. Nov. 23, 2016) (same).

When ruling on discovery-related motions, the district court has broad discretion to determine the proper scope of discovery, including whether a "discovery request is too broad and oppressive." Surles ex rel. Johnson v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007); Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 402 (6th Cir. 1998).

## II. DISCUSSION

### A. Rick Sollars' Deposition

Sollars, the mayor of the City of Taylor, seeks a protective order limiting the duration of his deposition to two hours, and he seeks to exclude any inquiry into the federal criminal case currently pending against him. Mot. for Prot. Order at 2-4. Raboczkay filed a motion to compel Sollars' deposition arguing that inquiry into the conduct alleged in the criminal case against Sollars is relevant to his own claims, and he seeks a seven-hour deposition. Mot. to Compel Dep. at 3-11.[1]

The "scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." Lewis v. ACB Bus. Svcs., Inc., 135 F.3d 389, 402 (6th Cir. 1998).

---

[1] Raboczkay filed a response to Sollars' motion incorporating by reference his motion to compel. See Resp. to Mot. for Prot. Order (Dkt. 85).

However, a court, for good cause shown, can issue an order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" of a deposition. Fed. R. Civ. P. 26(c). Courts are generally reluctant to order high-ranking government officials to attend depositions, unless they have some personal knowledge about the matter against them. See, e.g., Jackson v. City of Detroit, No. 05-74236, 2007 WL 2225886, at *1 (E.D. Mich. Aug. 1, 2007) (noting public officials are not typically ordered to attend depositions for taking official actions).

The Court finds that Sollars has shown good cause to limit the duration of his deposition to four hours. This is not a case brought against Sollars in his official capacity as the Mayor of Taylor. Raboczkay has alleged that Sollars has some personal knowledge about the events that transpired in this matter, which is supported by Sollars' comments to the press regarding the investigation into Raboczkay's conduct as Taylor's CMW Weigh Master. See 2d Am. Compl. ¶ 43 (Dkt. 39). Therefore, Raboczkay is allowed to depose Sollars' on matters related to his claims. However, as alleged, Sollars' role in this matter appears to be limited largely to comments that he made to the press and discussions that he had with Defendant Herman Ramik. The Court finds that four hours should be ample time to depose Sollars. Anything more than four hours would be excessive, absent a showing of good cause for additional time.

With respect to Sollars' request to limit the inquiry into the pending criminal case against him, such a limitation is not warranted at the outset of his deposition. The Court finds that the prudent course is to allow the deposition to proceed without such a restriction. If Raboczkay asks questions that raise issues that cannot be resolved by the parties during the deposition, Sollars can "move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P.

3

30(d)(3).

Accordingly, Sollars' motion for a protective order is granted to the extent he seeks to limit the duration of the deposition. Raboczkay's motion to compel Sollars' deposition is granted to the extent he seeks to depose Sollars without a restriction related to Sollars' pending criminal case at the outset of the deposition. The motions are denied in all other respects.

### B. Motion to Compel Subpoenaed Documents

Raboczkay seeks to compel non-party the City of Taylor to produce documents requested in a third-party subpoena. See Mot. to Compel Taylor (Dkt. 83). In order to facilitate an expeditious resolution to the dispute, the Court ordered the parties to meet and confer in good faith to resolve the disagreement, and to file a joint memorandum regarding any unresolved matters. See 10/5/2020 Order re Mot. to Compel Taylor (Dkt. 87). The parties submitted a joint memorandum setting forth a single point of contention (Dkt. 91). The point of contention is whether Taylor should be compelled to produce the following:

> Any and all emails, federal grand juror subpoenas, and/or letters received by any employee, elected official, and/or agent of the City of Taylor from any FBI agent, U.S. Marshall, U.S. Attorney, and/or Assistant U.S. Attorney for Eastern District of Michigan from January 1, 2017 through May 13, 2020 that pertain, mention, and/or relate to Rick Sollars, Shady Awad, Jeffrey Baum, Robert Dickerson, Reality Transition, LLC., Downriver Management, and/or Herman Ramik. The personnel file of Herman "Butch" Ramik.

Joint Memorandum at 4.

A plaintiff should not be denied access to information necessary to establish his or her claim. However, a plaintiff is not permitted "to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." Surles ex rel. Johnson, 474 F.3d at 305 (quoting Marshall v. Westinghouse Elec. Corp., 576 F.2d 588, 592 (5th Cir. 1978) (some

4

internal marks omitted)).

The Court finds that the above request is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it asks Taylor to search for communications to <u>all</u> city employees and elected officials regarding <u>any</u> communications from prosecutors that mention Rick Sollars, Shady Awad, Jeffrey Baum, Robert Dickerson, Reality Transition, LLC., Downriver Management, and/or Herman Ramik.

With respect to Defendant Ramik's personnel file, the Court finds that Raboczkay's request is too broad and oppressive. Raboczkay does not dispute that Taylor does not maintain personnel files for elected officials. Instead, Raboczkay seeks access to Ramik's personnel file from the time Ramik served as a Taylor police officer—which was over twenty years ago. Joint Memorandum at 7-8. The information contained in Ramik's old personnel file is so far removed from any of the allegations contained in Raboczkay's complaint that this request is at best a fishing expedition, which is not allowed under the discovery rules, <u>Surles ex rel. Johnson</u>, 474 F.3d at 305.

Therefore, Raboczkay's motion to compel Taylor to produce subpoenaed documents is denied.

### III. CONCLUSION

For the reasons stated above, Sollars' motion for a protective order (Dkt. 82) is granted in part. Sollars' deposition is limited to no more than four hours. The motion is denied in all other respects. Raboczkay's motion to compel Sollars' deposition (Dkt. 84) is granted in part, insofar as the Court will not restrict the areas of inquiry at the outset of Sollars' deposition. The motion

5

is denied in all other respects. Raboczkay's motion to compel Taylor to produce subpoenaed documents (Dkt. 83) is denied.

    SO ORDERED.

Dated: October 28, 2020                      s/Mark A. Goldsmith
       Detroit, Michigan                 MARK A. GOLDSMITH
                                             United States District Judge